UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

EFRAIN HERNANDEZ,                    :

    Plaintiff,                       :

V.                                   :    CASE NO. 3:03CV00620 (RNC)

JOHN J. ARMSTRONG, ET AL.,           :

    Defendants.                      :

2005 APR 25 P 4: 28

DISTRICT COURT
HARTFORD, CT.

## SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN

The following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1:

**Pleadings**: The defendant will file an answer to the complaint on or before **May 2, 2005**. Any motion to amend or join parties will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

**Joint Trial Memorandum**: A joint trial memorandum in the form described in the attached addendum will be filed on or before **July 29, 2005**. Counsel and/or pro se parties signing the memorandum must certify that it is the product of consultation between the lawyers and/or pro se parties who will be trying the case.

**Trial Ready List**: The case will be placed on the trial ready list for **September 2005**.

**Dispositive Motions**: No dispositive motion will be filed unless a prefiling conference is requested. Any request for a prefiling conference must be submitted in the form of a letter to the court (with copies to all counsel of record or pro se parties) briefly describing the nature and basis of the proposed motion. Except in cases involving pro se parties, no request for a prefiling conference may be submitted unless the attorney making the request has conferred with other counsel of record and discussed the proposed motion in a good faith effort to clarify the issues, eliminate or reduce the area of controversy and arrive at a mutually satisfactory resolution. <u>Cf</u>. D. Conn. L. Civ. R. 37(2)(requiring counsel to confer before filing motions relating to

discovery disputes).  Except in cases involving pro se parties, any request for a prefiling conference must include a statement that the attorney submitting the request has conferred with other counsel and must briefly describe the results of the conference. To be timely, any request for a prefiling conference regarding a motion for summary judgment must be submitted on or before **July 1, 2005.**  Failure to submit a timely request may result in a waiver of the right to file a summary judgment motion.  If a summary judgment motion is filed, the joint trial memorandum will be due 30 days after a ruling on the motion.

**Extensions of Time:**  All dates set forth in this order are firm and will be extended only for good cause.  The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor.  A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order.

Counsel will provide their clients with a copy of this order.

It is so ordered.

Dated at Hartford, Connecticut this 25th day of April, 2005.

_____
Donna F. Martinez, U.S.M.J.

DISTRICT OF CONNECTICUT

Addendum

Case Name: Hernandez v. Armstrong, et al.,
Case No.:  3:03CV620 (RNC)

1.   **Pursuant to the pretrial schedule that has been established for this case, the case should be ready for trial by September 2005.  Counsel should inform their clients that the court intends to try the case at that time or as soon thereafter as possible.**

2.   The pretrial schedule reflects the parties' case management plan and is intended to provide sufficient time to enable the parties to properly prepare the case for resolution by trial or settlement.   No deadline set forth in the pretrial schedule will be extended or stayed except by order of the court.  **Motions for extension of time pursuant to Fed. R. Civ. P. 6(b) and Local Civil Rule 9(b) will not be granted except for good cause. Any such motion must be filed in writing at least five days before the deadline in question.**   Counsel should not assume that the filing of a motion to dismiss will serve to extend the time for completing discovery.  The filing of a substantive motion will not constitute good cause sufficient to warrant an extension of time for completing discovery except in unusual circumstances.

3.   **Before a party files a motion to dismiss, motion for summary judgment or motion for partial summary judgment, a prefiling conference will be held.**  A party wishing to file such a

-3-

motion will submit a letter to chambers requesting a conference no later than 45 days before the discovery deadline.  No such request will be granted unless the attorney making the request has conferred with other counsel beforehand.  At the prefiling conference, consideration will be given to the timing and appropriateness of the motion, formulation and simplification of the issues encompassed by the motion, avoidance of unnecessary motion practice and other matters that might facilitate the just, speedy and inexpensive determination of the action.  The conference may be conducted by telephone.

4.    On or before **July 29, 2005,** the parties will jointly prepare and file for approval by the Court a joint trial memorandum.  **Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.**  The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

a.    **Witnesses**:  Set forth the name and address of each witness to be called at trial.  Provide a brief summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day).  For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness

-4-

intends to rely.    If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

b.    **Exhibits**:    The parties will prepare the list of exhibits required by the Standing Order.    The list must specifically identify each exhibit by providing a brief description of the exhibit.    The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1.    If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived.    Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk.    The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference.    Counsel will retain the original set of exhibits for use at trial.

c.    **Jury Instructions**:  In jury cases, the parties will meet and confer for the purpose of preparing and filing agreed upon jury instructions.    The proposed instructions will be submitted as an attachment to the joint trial memorandum.    The proposed instructions should encompass all applicable rules of law. Citations to case law or authority should be provided in footnotes. If the parties cannot agree as to the appropriateness of a particular instruction, the objecting party must state the basis for the objection and set forth an alternative instruction.

-5-

Counsel are requested to submit the proposed instructions on disc to facilitate preparation of a final document by the Court.

     d.   **Anticipated Evidentiary Problems**: The parties will attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

     e.   **Verdict Form**: In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury. The form may require the jury to return a special verdict with special findings as permitted by Rule 49(a) or a general verdict with or without written interrogatories as permitted by Rule 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.