United States District Court
District of Connecticut

Efrain Hernandez #155161
  Plaintiff
  (vs)

John Armstrong, Commissioner; et. al.
  Respondant

FILED
3:03 CV620
2005 JUN 15 A 11: 21
DISTRICT COURT
HARTFORD, CT.

Declaration In Support of
Plaintiff's Motion For Partial Summary
Judgement

Efrain Hernandez declares, under penalty of perjury:

1.) I am the Plaintiff in this case. The complaint alleges that the prison authorities, by way of a seriously flawed prison disciplinary procedure, convicted and punished the plaintiff with administrative punitive actions, as well as STATE CRIMINAL CHARGES, resulting in an unjustified four added years sentence to the plaintiffs original conviction; which conviction made him a target for which he had to continuously defend himself, and for which he bears physical scars, from assaults by inmates which he never moved to take legal actions for to this date.

2.) I was an inmate at Corrigan Corr. Inst. on the date of 7·30·95 when forced to defend myself from an assault.

3.) As a result of the 7·30·95 incident, I was served with both disciplinary charges as well as state criminal charges and placed in the segregation unit.

4.) I received the initial disciplinary hearing on 8·10·95. This hearing contained several procedural violations which deprived me of certain equal protections; and these themselves

DECLARATION IN SUPORT FOR PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGEMENT

Continue pg. 2

are a violation of other State staff Directives.

5.) I requested the testimony of inmates and staff witnesses to the hearing officer, as allowed by disciplinary directive. These were denied.

6.) The Hearing Officer refused to call these witnesses stating security issues. I was also refused an advocate and the opportunity to explain myself to an investigator, as allowed by disciplinary directive.

7.) Per D.O.C. Policy, I was left housed in segregation.

8.) The evidence at the initial faulty hearing consisted solely of staff statements and a weapon found, but no examination to compare the injury to any particular weapon. Undisputable facts will show two classes of different wounds, and only one weapon found.

9.) Evidence used by state consisted of staff statements on D.R.

10.) In addition to being found guilty in this mistaken laden hearing - I was also arrested by State Police and received an outside charge resulting in 4 years added to my original conviction, consecutively.

11) Consequently, it was necessary for me to file appeals and protests, accordingly, to appellate procedures which subsequently led to the investigation and dismissal of institutional charges, as too faulty to have been justified.

12. As a result of the July 30, 1995 incident I received a 4 years consecutive sentence. On May 4th, 2004 my original sentence of 25 years for murder was vacated. On May

FOR PARTIAL SUMMARY JUDGEMENT

continue pg 3

26th, 2004 I was resentenced to 20 years, under manslaughter. During the recalculation of my new sentence D.O.C. decided that I served the 4 years consecutive sentence from 12·20·95 –12·20·99. This was a non-good time earning sentence, so DOC forfeited 438 days of good time credit.

13.) From June 25, 1992 I have been serving a 25 years sentence until May 26th, 2004. I had not even begun to serve my 4 years consecutive sentence. But D.O.C decided that I had served it. Extracted 4 years from the time I served and forfeited 438 days from me. These 4 years along with the 438 days forfeited could have helped me discharge from my 20 years sentence. The Plaintiff would then started the 4 years sentence I had received, in result of the 7·30·95 and in which I am still challenging according to appellate procedures. Had I not been discharged on the 4 years sentence and not have the 438 days forfeited I would only have a 4 years sentence, in lieu of 6 years still left on my sentence.

14.) For the reasons stated in the brief submitted with this motion, these undisputed facts establish; that defendants Armstrong, LT. Carnes, LT. R. Rochefort, and LT. Talo denied me my rights of Due Process, Equal Protection, and any other implied rights. Accordingly I am entitled to summary judgement on my legal claims and prayer for state reliefs.

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGEMENT

Continue ps 4.

Pursant to 28 U.S.C § 1746 I declare under penalty of perjury that the foregoing is true and correct to the best of my rememberence

*Efrain Hernandez*
Efrain Hernandez #155161

Date   5·31·05

Continue ps 4.