UNITED STATES DISTRICT COURT
DISTRICT OF CONN.

Efrain Hernandez #155161
  Plaintiff
    (vs)
John Armstrong, Commissioner of Correction, et. al.
  (Respondent)

Case No. 3:03CV620
Date 8-15-05

Plaintiff's Motion for Partial Summary Judgement

Pursuant to Rule 56 of the Fed. R. Civ. P., the Plaintiff in custody, Efrain Hernandez, #155161, requests this Court to grant him Summary Judgement, as to the liability of defendants John Armstrong; LT. Carnes, Lt. R. Rochefort, and Lt. Talo, for damages to the plaintiff, for the denial to the Plaintiff of the Due Process of Law and applicable Equal Protections, in their acts individual and collective being, for violations set forth in the record previous.

The reasons for the Motion therefore are set forth in the Plaintiff affidavit and brief in support attached hereunto.

Date 7-30-05
Efrain Hernandez #155161
982 Norwich New London Tpk.
Uncasville, CT 06382

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Efrain Hernandez #155161
(Plaintiff)
vs.                                                                 3:03CV620

John Armstrong, Commissioner; et. al.
(Respondant)

DECLARATION IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGEMENT

Efrain Hernandez declares, under penalty of perjury:

1) I am the plaintiff in this case. The complaint alleges that the prison authorityes, by way of a seriously flawed prison disciplinary procedures convicted and punished the plaintiff with administrative punitive actions, as well as state criminal charges, resulting in an unjustified four added years sentence to the plaintiff's original conviction; which conviction made him a target for which he had to continously defend himself, and for which he bears physical scars, from assault by inmates which he never moved to take legal actions for to this date. (see EXHITS M,N)

2) I was an inmate at Corrigen Corr. Inst. on the date of 7·30·95 when forced to defend myself from an assault.

3) As a result of the 7·30·95 incident, I was served with both disciplinary charges as well as state criminal charges and placed in the segregation unit.

2

DECLARATION IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGEMENT

Continue pg. 2

4) I received the initial disciplinary hearing on 8·10·95. This hearing contained several procedural infirmities which deprived me of certain equal protections; and these themselves are a violation of other state staff Directives.

5) I requested the testimony of inmates and staff witnesses to the hearing officer, as allowed by disciplinary directive, these were denied.

6) The Hearing officer refused to call these witnesses stating security issues. I was also refused an advocate and the opportunity to explain myself to an investigator, as allowed by disciplinary directive.

7) Per D.O.C. Policy, I was left housed in segregation.

8) The evidence at the initial faulty hearing consisted solely of staff statements and a weapon found, but no examination to compare the injury to any particular weapon. Undisputable facts will show two classes of different wounds, and only one weapon found.

9) Evidence used by state consisted of staff statement on D.R.

10) In addition to being found guilty in this mistaken laden hearing — I was also arrested by state police and received an outside

3

Declaration In Support Of Plaintiffs
Motion For Partial Summary Judgement

Continue pg 3

charge, resulting in 4 years added to my original conviction, consecutively.

11) Consequently, it was neccessary for me to file appeals and protests, accordingly, to appellate procedures which subsequently let to the investigation and dismissal of institutional charges, as to faulty to have been justified.

12) As a result of the July 30, 1995 incident I received a 4 years consecutive sentence. On May 4th, 2004 my original sentence of 25 years for murder was vacated. On May 26th, 2004 I was resentence to 20 years under Manslaughter. During the recalculation of my new sentence D.O.C decided that I served the 4 years consecutive sentence from 12·20·95 – 12·20·99. This was a non-good time sentence, so D.O.C forfeited 438 days of good time credit.

13) I have been serving a 25 years sentence from June 25, 1992 until my sentence was vacated on May 26th, 2004. Up until that time I had not begun to serve my 4 years consecutive sentence. But D.O.C decided that I have served it. D.O.C extracted 4 years (12-20-95 – 12-20·99) from the time I had served for the murder charge, along with the 438 days of good time I had earned at that time.

4

Declaration In Support Of Plaintiff's
Motion For Partial Summary Judgement

continue pg 4

The 4 years and 438 day of good time that was extracted and forfeited from could have helped me discharge a little sooner than expected, on my 20 years sentence. The plaintiff would then have started the 4 years consecutive sentence I had received, in result of the 7.30.95 incident, and in which I am challenging according to appellate procedures. Had I not been discharged on the 4 years sentence and not have the 438 days forfeited I would only have been serving a 4 years sentence, in lieu of still having 8 years left on my sentence.

14) For the reasons in the brief submitted with this motion, these undisputed facts establish: that defendants Armstrong, Lt. Carnes, Lt. R. Rochefort, and Lt. Tate denied me my right of Due Process, Equal Protection, and any other implied rights. Accordingly I am entitle to summary judgement on my legal claims and prayer for state reliefs.

Pursant to 28 U.S.C § 1746 I declare under penalty of perjury that the foregoing is true and correct to the best of my rememberance.

_Efrain Hernandez_
Efrain Hernandez
#155161

Date

United States District Court
District of Conn.

Efrain Hernandez #155161
(Plaintiff)
vs

John Armstrong, Commisioner of Corr.; et.al.
(Respondent)

## Statement of Undisputed Facts

Pursuant to Rule 56 of this court's civil Rules, the plaintiff submits the following list of undisputed facts that entitle him to partial summary judgement on his claim of denial of Due process of law.

1) The plaintiff was charged by prison officials with the serious disciplinary offense of assault. (See Exhibit A and B)

2) The defendant sat in segregation for 10 days before he received a copy of disciplinary report dated 8·10·95 (Exhibit B)

3) This disciplinary report was given report NO. #RCC9508043, a class a assault. Incident date (7·30·95), report date (8·10·95), signed by Lt. K. Carnes. See (Exhibit B)

4) On the same day (8·10·95) the plaintiff received a copy of the Disciplinary report (report # RCC9508043) the plaintiff was brough into a Disciplinary hearing. (See Exhibit C) At least a brief period of time after a disciplinary report is issued, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment commitee. (Exhibit C)

6

STATEMENT OF UNDISPUTED FACTS

continue pg2.

5) During the hearing plaintiff tried to explain to Lt. Rockeford, the hearing officer, that he (the plaintiff) had just received the Disciplinary report (report No. RCC 9508043) but plaintiff was cut off in midsentence.

6) After being cut off in midsentence plaintiff was told that "If Plaintiff were to cop out to the Disciplinary Report, he would immediately be transferred, but if I did not plead out I would not be transferred immediately.

7) After the hearing officer accepted my plea, the plaintiff was told to sign the Disciplinary report page 2. The plaintiff signed the Disciplinary Report and so did the hearing officer.

8) After completing my segregation time I was then transferred.

9) When the plaintiff was transferred to Northern C.I. he filed a habeas corpus due to all the Due process violation that had occurred at the Disciplinary Hearing.

10) The habeas was given the number 96-2171.

11) Sometime in November of 2002 I had a court appearance via satelite with assistant attorney general Madeline Melchione. On that date Ms. Melchione told the court that she would order D.O.C to give me a new Disciplinary Hearing.

7

STATEMENT OF UNDISPUTED FACTS

Continue pg 3

12) On 1.9.03 I received a Disciplinary Hearing at Macdougal C.I. for the Disciplinary report of 8.10.95 (ID.RCC9508043).

13) Lt. Ramsey (Hearing Officer) agreed that due process violations had occurred and dismissed the 8.10.95 disciplinary report. See (EXHIBIT D.)

14) Per D.O.C violations here is a list of the violations which cannot be disputed and did occurred:

1. I wasn't given a copy of the Disciplinary report in a timely manner.
2. I wasn't given atleast 24 hours to prepare a defense.
3. The D.R. was not investigated. See (EXHIBIT D back page)
4. Contradicting documents.  " "
5. No record of hearing or investigation.  " "
6. Coercion by D.H.O.
7. No signature on D.R. plaintiff pled out too.
8. Original Disciplinary report for same incident was written, signed by delivery officer but was never delivered to me.
(See EXHIBIT F-H)

15) Assistance Attorney General Terrence M. O'Neil admittence to the procedural infirmities. See (EXHIBIT K page 2)

8

STATEMENT OF UNDISPUTED FACTS

continue 4

8·15·05

*Efrain Hernandez*

Efrain Hernandez
#155161

Radgowski C.I.
982 Norwich New London Tpk
Uncasville, CT 06382