United States District Court
District of Connecticut

EFRAIN HERNANDEZ             CASE No. 3:03-CV-620 (DFM)
     Plaintiff

Vs.                          U.S.D.C. @ Hartford

John J. Armstrong, ET. AL.,
     Defendant               October 12, 2005

<u>Plaintiff's Memorandum in Opposition to
Defendants' Motion for Enlargement of Time</u>

Your undersigned plaintiff, EFRAIN HERNANDEZ, respectfully requests that this Honorable Court deny the defendants' motion for enlargement of time dated October 6, 2005. In support of this memorandum, your plaintiff respectfully represents as follows:

BACKGROUND

1. Your plaintiff filed a Motion for Summary Judgment with this court on July 15, 2005. In her order dated July 27, 2005, Hon. Magistrate Hernandez denied said motion, without prejudice,

and indicated that any subsequent motion be properly certified in compliance with Fed. R. Civ. P. 5. A copy of said order is attached herewith as Exhibit A;

2. Your plaintiff then filed a second motion for summary judgment dated August 15, 2005. Because his first motion was rejected for non-compliance with certification requirements, your plaintiff's deference to the requirements of Federal Rule 5 was executed with scrupulous exactitude, and a duplicate copy of said motion was duly, and definitively, certified to opposing counsel on August 15, 2005. A copy of your plaintiff's certification page respecting said motion is attached herewith as Exhibit B. It cannot, therefore, be maintained in good-faith that your plaintiff failed to certify a copy of said motion to opposing counsel, or failed to comply with the Federal Rules of Civil Procedure. Opposing counsel merely failed to respond to, or oppose, said motion and now, appreciating his temerity, makes a belated and disingenuous request for additional time to do such;

LAW AND ARGUMENT

    A. THE DEFENDANTS' MOTION IS LEGALLY INSUFFICIENT

The defendants' motion fails to comport with

Applicable law. The defendants have failed to indicate, or demonstrate, excusable neglect. Fed.R.Civ.P. 6(b) governs motions to enlarge time to perform an act which is required by Federal, or local, rules to be performed within a specified time. If the party makes its motion for additional time <u>after</u> the time-barred period has elapsed, Fed.R.Civ.P. 6(b)(2) requires that the party show good cause and that the failure to act be the result of "excusable neglect." <u>See</u> Fed.R.Civ.P. 6(b)(2); See also <u>Donald v. Cook Cty. Sheriff's Dept.</u>, 95 F.3d 548, 558 (7th Cir. 1996). In <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs.</u>, 507 U.S. 380, 388 (1993), a bankruptcy case, the Supreme Court re-visited the definition of "excusable neglect" and identified a list of non-exclusive factors that the district court should consider in its excusable neglect analysis. <u>Id</u>. The defendants have ignored these factors exclusively, and have failed to indicate, or demonstrate, that their failure to issue a timely response was the consequence of excusable neglect. Because the defendants' motion fails to comport with the necessary requirements of Fed.R.Civ.P. 6(b)(2), their motion to enlarge should be denied.

B. <u>Your Plaintiff's Motion was Properly Certified</u>

As clearly indicated, your plaintiff's motion for

summary judgment was duly certified to opposing counsel on August 15, 2005. The physical proof of said certification is attached herewith as Exhibit B. The defendants took no action responsive to said motion and elected to file no response. Accordingly, the defendants have waived any existing opportunity to respond or object to said motion, and this court should decide said motion on its merits. Opposing counsel should not be permitted to float belated and disingenuous motions requesting additional time to comply months after the time for an initial response was due. The defendants had ample time and sufficient notice to respond to the instant summary judgment motion, and their decision to waive that option was deliberate. Their present motion is predicated in subterfuge and trickery. A copy of the summary judgment motion was duly certified to opposing counsel, and the defendants' motion for an enlargement of time should be denied.

CONCLUSION

For these reasons, and any additional reasons deemed just and equitable by this Honorable Court, the defendants' motion for an enlargement of time dated October 6, 2005, should be denied.

Respectfully submitted,

*Efrain Hernandez*

Efrain Hernandez
No. 155161
Radgowski CCC
982 Norwich - New London Tpk.
Uncasville, CT 06382

## CERTIFICATION

This is to certify that one (1) copy of the foregoing was mailed, first-class postage pre-paid, by U.S. Mail, on October 11, 2005, to Terrence M. O'Neil, Esq., 110 Sherman Street, Hartford, CT 06105.

*Efrain Hernandez*
Efrain Hernandez
Pro Se

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EFRAIN HERNANDEZ,      :
    Plaintiff,      :
    v.      :
                                     :   CASE NO. 3:03CV620(RNC)
JOHN J. ARMSTRONG, ET AL.,   :
    Defendants.   :

## NOTICE AND ORDER

On July 15, 2005, the plaintiff filed a motion for summary judgment. (Doc. #19.) The motion, however, does not comply with the Federal Rules of Civil Procedure. Specifically, the plaintiff did not serve a copy on the opposing party in violation of Fed. R. Civ. P. 5.[1] Rule 5 requires that "every written motion . . . shall be served upon each of the parties" and that the plaintiff file a "certificate of service." Accordingly, the plaintiff's

---

[1] Fed. R. Civ. P. 5 provides in relevant part:

(a) Service: When required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. . . .
        * * *
(d) Filing; Certificate of Service. All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service . . . .

motion for summary judgment is DENIED without prejudice. If the plaintiff chooses to refile his motion, any new motion must comply with the notice requirements of Rule 5 of the Federal Rules of Civil Procedure.

    SO ORDERED at Hartford, Connecticut this 27th day of July, 2005.

_____
Donna F. Martinez
United States Magistrate Judge

2

EXHIBIT B

CERTIFICATION OF SERVICE BY
PRISON MAIL SYSTEM

I hereby certify that a copy of the foregoing was mailed to the following, on the 15th of August, 2005:

Terrence M. O'Neil
Assistant Attorney General
Office of the Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

*Efrain Hernandez*
Efrain Hernandez #155761

24