UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EFRAIN HERNANDEZ | : | CIVIL NO. 3:03CV620(DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL., | : | NOVEMBER 30, 2005 |

**DEFENDANTS' LOCAL RULE 56(C)(1) AND (2) STATEMENT**

The defendants submit this statement of undisputed material facts in support of their motion for summary judgment and in opposition to the plaintiff's motion for summary judgment.

**A.  Local Rule 56(c)(1) Statement of Undisputed Material Facts**

1. The plaintiff, Efrain Hernandez, is an inmate who, since 1992, has been incarcerated in a Connecticut correctional facility.  The defendants are: John Armstrong (the former Commissioner of the Connecticut Department of Correction), Correctional Lieutenants Talo, Carnes and Rochefort.  All defendants are sued in their individual and official capacities.  See Complaint at p. 1.

2. On July 30, 1995, the plaintiff, while incarcerated at the Corrigan Correctional Institution, assaulted and stabbed another inmate with a sharpened metal object approximately 6 inches in length.  See 7/30/95 Incident Report Package, Ex. 1, passim.

3. In addition, plaintiff was quoted as saying that he stabbed and slashed "anyone who was around."  According to the incident reports written after the incident, the plaintiff admitted to stabbing "several inmates" that evening.   Id.

4. As a result, the plaintiff was subjected to institutional disciplinary proceedings and prosecuted for a number of offenses, including Assault in the Second and Third Degrees and

Possession of a Weapon in a correctional Institution.  See Disciplinary Reports, Appended hereto as Ex. 2; Judgment Mittimus, appended hereto as Ex. 3.

5.  The plaintiff plead guilty under the Alford Doctrine to dispose of the criminal charges, and was sentenced to 4 years consecutive to a prior murder sentence.  See Ex. 3.

6.  With respect to the institutional charges, a disciplinary was held on August 10, 1995, at the conclusion of which the plaintiff received 30 days of punitive segregation, forfeited 150 days of "good time" and lost 15 days of recreation.  See Ex. 2.

7.  In April 1996, the plaintiff filed a habeas corpus action in Connecticut Superior Court challenging the institutional disciplinary process.  Specifically, the plaintiff claimed that he did not receive a copy of the original disciplinary report within the time prescribed by Department of Correction guidelines, that he was not properly interviewed regarding the charges, that he was not allowed to choose his advocate to represent him in a subsequent disciplinary hearing, and that, because the original disciplinary report was lost, a subsequent report submitted by defendant Carnes was procedurally infirm.  According to the habeas action, all of these shortcomings violated the Department of Correction's guidelines governing imposition of discipline.  See Habeas Writ, Ex. 4.

8.  After considerable court delay, the Department of Correction, through counsel, offered to resolve the plaintiff's habeas action by providing the plaintiff with a new hearing on the institutional charges. See Letter from Attorney Melchionne to Warden Brian Murphy dated December 12, 2001 (Ex. 5).

9.  A second hearing was held on January 9, 2003, and resulted in dismissal of the institutional charges.  Critically, at this second hearing, the plaintiff again admitted to the assault,

but claimed his institutional charges should be dismissed because of procedural infirmities. In dismissing the charges eight years later, the hearing officer based his finding on "contradictory documents, no record of [the original] hearing, no record of investigation, [passage of] time since incident [and] witnesses unavailable." See Hearing Report, Ex. 6.

10. As a result of the disposition of the rehearing of the institutional charges, the habeas court dismissed the plaintiff's habeas as moot. See Court Notice, Ex. 7.

**B. Local Rule 56(c)(1) Statement of Disputed Material Facts**

1. Admitted.

2. Denied. See Defendants' Ex. 2 at p. 1.

3. Denied. There were two incident reports. See Ex. 2 at p. 1.

4. The defendants admit that on August 10, 1995, the plaintiff received a second disciplinary report to replace the original ticket that had been misplaced. See Ex. 2 at pp. 1, 3.

5. Denied. The plaintiff pled guilty to the charges in the disciplinary report. See Ex. 2 at p. 3.

6. Denied. See Ex. 2 at p. 3.

7. The defendants admit that the plaintiff and the hearing officer signed the report of the disciplinary hearing. See Ex. 2 at p. 3.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied. Attorney Melchionne "offered to provide" the plaintiff a new hearing "as a compromise in the habeas action." See Ex. 5 at p. 1.

12. Admitted.

13. Denied. Lt. Ramsey found that there were violations with the due process procedures established by the Department of Correction, not that the plaintiff had suffered a violation of his Fourteenth Amendment rights. See Ex. 6 at p. 2.

14. Denied. This is a legal conclusion, not a statement of fact.

15. Denied. Defendants' counsel wrote that, while "it may be true that there were procedural infirmities (in the plaintiff's initial disciplinary hearing), the plaintiff cannot avoid the fact that, in order to prevail, he would have to first invalidate his criminal conviction to show that the punishment he received was inappropriate." See plaintiff's Ex. L at p. 2.

DEFENDANTS:
JOHN ARMSTRONG, ET AL.,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____/s/_____
Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct10835
E-Mail: terrence.oneill@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 30th day of November, 2005:

Efrain Hernandez, No. 155161
Corrigan-Radgowski CI
986 Norwich-New London Tpke.
Uncasville, CT 06382

_____/s/_____
Terrence M. O'Neill
Assistant Attorney General